John M. Keane, J.
This proceeding is an application for a writ of error coram nobis. In the petition filed by the defendant, he seeks relief on the ground that the court did not have a psychiatric report before it at the time sentence was pronounced.
Defendant was convicted of the crime of sodomy in the second degree. Apparently he has misread the application of section 2189-a of the Penal Law which requires a pre-sentence psychiatric report. Under that section the person has to be *443 sentenced with an indeterminate sentence of one day to life. Since his crime was not subject to that punishment, the court was not required to have the pre-sentence report mentioned under section 2189-a of the Penal Law.
Subsequently, defendant filed an amended petition. In this he raised a question concerning his mental condition at the time of the trial. No corroboration of the allegations in that petition was submitted to the court. Parenthetically the numerous post-conviction requests for relief in which the defendant has acted as his own attorney would seem to be a complete answer as to the intelligence of the defendant, both at the time of the conviction and up to the present time. In support of the denial of relief on this ground see People v. Jordan (27 A D 2d 586 [1966]).
The defendant raised other questions in the amended petition and additional papers filed with the court concerning the determination of the Parole Board from time to time. Of course these determinations are not reviewable in this proceeding.
Defendant also made numerous allegations concerning the conduct of the trial and other matters which avouM be matters in the record of the trial. The conviction of the defendant was appealed to the Appellate Division and Avas affirmed in 8 A D 2d 641 (1959). That decision has finally disposed of those allegations.
Finally, the defendant has requested that counsel be assigned to him in this proceeding. The court is fully familiar with the decisions in People v. Monahan (17 N Y 2d 310 [1966]) and People ex rel. Williams v. La Vallee (19 N Y 2d 238 [1967]). This application is not the first for a post-conviction remedy made by this defendant .since his conviction in 1957 for the crime of sodomy in the second degree. He was sentenced as a second offender, having previously been convicted of the crime of forgery.
Since the sentence was made in 1957 as a second offender, defendant has initiated upwards of 15 proceedings in this court alone for post-conviction remedies in the nature of coram nobis and motions for resentence relating to the two convictions. These various proceedings were set forth at length in a decision of this court on a motion for resentence dated March 3, 1967. It will serve no purpose to recite them seriatim here.
With this knowledge and background material the folloAving language of Judge Breitel in People ex rel. Williams v. La Vallee (supra, pp. 240-241) is appropriate in this particular proceeding relating to the assignment of counsel: “ In so holding, it is not concluded that in every habeas corpus proceeding, *444 however baseless, or however repetitious, the court must burden the Bar with responsibilities for futile representation of litigious prisoners. It is concluded, however, that the mere form of the proceeding is not conclusive. Consequently, in a proper case, where a criminal defendant in his papers suggests a possible basis on the merits, although for lack of counsel’s advice, the presentation is vulnerable, and the petitioner is not engaging in repetitious litigiousness of the same or of specious issues, the hearing court, in the exercise of a sound discretion, should appoint counsel for an indigent defendant, especially on his request.”
With the advice set forth in the quoted material in mind, this court exercises its discretion and has not assigned counsel to assist defendant in this proceeding.
The application for the writ of error coram nobis is hereby denied without a hearing.